IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| IMARI TAYLOR, | C/A no. _____ |
| Plaintiff, | |
| v. | **COMPLAINT**<br>**(Jury trial demanded)** |
| AMAZON.COM, INC.;<br>AMAZON.COM SERVICES, LLC;<br>SUZHOU TENGLI MAOYI<br>YOUXIAN GONGSI d/b/a Cenmesy<br>and / or Poofzy, | |
| Defendants. | |

Plaintiff alleges:

## I.    Introduction:

1.    On September 29, 2024, Plaintiff Imari Taylor, a 17-year-old resident of Spartanburg County, South Carolina, was severely burned when rubbing alcohol was poured onto a portable fire pit sold by Defendants. When a family member attempted to relight the fire pit, fuel vapors ignited and flashed back inside the rubbing alcohol container. The resulting pressure buildup inside the rubbing alcohol container caused a phenomenon known as flame jetting and sprayed burning rubbing alcohol onto Imari. The spraying of burning rubbing alcohol onto Imari resulted in severe burns to her body including, inter alia, her face, upper extremities, right leg, and abdomen.

1

## II.    Parties and Jurisdiction:

2.    Plaintiff Imari Taylor is a citizen and resident of Spartanburg County, South Carolina.

3.    Defendant Amazon.com, Inc. ("AMZ") is a Delaware corporation with its principal place of business in the state of Washington and may be served with process through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

4.    Defendant Amazon.com Services, LLC ("AMZS") is a Delaware entity with its principal place of business in the state of Washington and may be served with process through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

5.    Defendant Suzhou Tengli Maoyi Youxian Gongsi d/b/a Cenmesy ("Cenmesy"), upon information and belief, is a foreign entity and a registered seller on Amazon.com.  Under the "Integrity, Notification, and Fairness in Online Retail Marketplaces for Consumers Act," Amazon is required to verify the correct identify of this seller.  On Cenmesy's Amazon.com storefront, Cenmesy's detailed seller information is listed as: "**Business Name:** suzhoutenglimaoyiyouxiangongsi; **Business Address:** 东旺路43号4号楼4楼474室，苏州, 工业园区, 江苏, 215000, CN."  This address is associated with an importer, Suzhou Tengli Youxian

2

Gongsi, who has imported tabletop firepits products to the United States using shipping code AMZD, the standard carrier alpha code for Amazon China / Amazon Global.  Defendant Cenmesy, via Amazon China / Amazon Global logistics, has imported tabletop firepit products to Amazon Fulfillment Center, code LGB8, at 1568 N Linden Ave, Rialto, CA 92376.

6.      Defendant Cenmesy imported the "Poofzy" brand tabletop firepit that the Amazon defendants sold to the plaintiff's parents.

7.      Plaintiff and the Defendants are of different citizenship and no Defendant is a citizen of South Carolina.

8.      The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

9.      This court has jurisdiction under 28 U.S.C. § 1332.

10.      This court has personal jurisdiction over these Defendants based on the following in-state conduct:

a. Transacting business in South Carolina by processing a consumer transaction with Plaintiff;

b. Contracting to ship products to South Carolina by processing a consumer transaction with Cenmesy and shipping products to Plaintiff's family in South Carolina;

c. The distribution of goods to South Carolina with the knowledge and

reasonable expectation that those goods would be used in South Carolina.

d. Owning property and doing business in South Carolina.

### III.    Factual Allegations:

10.    Cenmesy manufactures, markets, distributes, and / or sells portable tabletop fire pits including the Poofzy Portable Fireplace Indoor Outdoor, Table Top Firepit at issue in this case ("subject fire pit").

11.    AMZ and/or AMZS market, sells, processes, warehouses, and/or ships Cenmesy's products, including the subject fire pit.

12.    AMZ and/or AMZS provide an online marketplace through which Cenmesy sells its products to consumers in the U.S.

13.    To the consumer, like Plaintiff's mother, AMZ and/or AMZS are a critical part of the transaction – serving as the sole means of marketing, communication, distribution, returns, or customer service contact.

14.    Cenmesy and AMZ and/or AMZS operate under the Amazon Services Business Solutions Agreement ("BSA").

15.    Through the BSA, AMZ and/or AMZS require Cenmesy to price goods sold on Amazon.com to be at least as favorable to Amazon site users as the most favorable terms offered by Cenmesy elsewhere.

16.    AMZ and/or AMZS provide processing for all goods sold by Cenmesy including the subject fire pit.

17.     AMZ and/or AMZS charge service fees for their role in the transaction including for facilitating the shipment of the Cenmesy fire pit at issue.

18.     AMZ and/or AMZS charged Cenmesy a service fee for the sale of the subject fire pit to Plaintiff's mother.

19.     AMZ and/or AMZS also charge referral fees – a percentage of the sale price per item sold by Cenmesy.

20.     AMZ and/or AMZS charged Cenmesy a referral fee for the sale of the subject fire pit to Plaintiff's mother.

21.     Under the BSA, AMZ and/or AMZS require all communications between Cenmesy and purchasers of Cenmesy products be routed through Amazon.

22.     Under the BSA, AMZ and/or AMZS reserve the right to control in their sole discretion the content, appearance, design, functionality and all other aspects of the product pages for Cenmesy products.

23.     Under the BSA, AMZ and/or AMZS require Cenmesy to maintain liability insurance naming Amazon as an additional insured.

24.     Under the BSA, AMZ and/or AMZS require Cenmesy to indemnify them for any liability arising from products sold through Amazon.com.

25.     Under the BSA, AMZ and/or AMZS require Cenmesy to ensure and certify that its products comply with applicable laws and notify AMZ and/or AMZS of any public or private recall of their products.

26.     Under the BSA, AMZ and/or AMZS have the power to require Cenmesy to provide AMZ and/or AMZS with any product certification or product standards certification applicable to Cenmesy's products.

27.     AMZ and/or AMZS independently monitor safety recalls and other safety issues related to products sold on their online marketplace.

28.     On October 13, 2023, Plaintiff's mother, Melissa Massey, placed Amazon order number 113-0624944-0945859 for the subject fire pit.

29.     AMZ and/or AMZS then notified Cenmesy of the order and required Cenmesy to provide shipping information for the product.

30.     Plaintiff's mother received confirmation and shipping emails from AMZ and/or AMZS regarding the transaction.

31.     The product was in the possession of Amazon at one of its fulfillment centers and was delivered to Plaintiff's family by Amazon in Amazon packaging.

32.     The subject tabletop fire pit poses a risk of serious fire and burn injuries, including death, due to flame jetting associated with the use of certain pourable fuels.

33.     In providing the subject fire pit, AMZ and/or AMZS were aware or should have been aware of the risks the subject fire pit posed.

34.     Once the subject fire pit arrived, Plaintiff and her family used the fire pit in a foreseeable manner.

35.    After the purchase by Plaintiff's family, it was feasible for AMZ to identify and email all purchasers of Poofzy table top fire pits to warn them of dangers associated with the product and to urge them to stop using it immediately.

36.    On September 29, 2024, Plaintiff and her family were sitting by the fire pit on their back porch.

37.    At some point, the fire appeared to go out, and a family member went to refuel it with rubbing alcohol.

38.    As the family member poured the rubbing alcohol into the fire pit, the alcohol ignited and flashed back into the rubbing alcohol container.

39.    The resulting pressure buildup inside the rubbing alcohol container resulted in a spraying of ignited rubbing alcohol out of the container and onto Plaintiff, who was severely burned.

40.    The spraying of burning liquid alcohol onto Plaintiff resulted in catastrophic burns over a large portion of her body.

41.    The subject fire pit sold by Defendants was defective and unsafe for foreseeable purposes at the time it left the control of the Defendants in that the fire pit was not sold with a fuel container containing a flame arrestor, a necessary safety device that would have prevented the ignition of the liquid fuel and the resulting injuries.

42.     The subject fire pit sold by Defendants was also defective and unsafe for foreseeable purposes at the time it left the control of the Defendants in that the fire pit's warnings and instructions encouraged the use of rubbing alcohol as a fuel source without instructing the consumer to only use fuel sources containing flame arrestors, and without warning the consumer of the danger of a flashback flame jetting event.

43.     Prior to the sale of the subject fire pit, the Defendants knew or should have known that fuel containers that lack flame mitigation devices are susceptible to flashback ignitions and flame jetting.

44.     Prior to the sale of the subject fire pit, Defendants sold bio ethanol fuel products for use in tabletop fire pits that contain flame arrestors designed to prevent the very injuries that Imari sustained.

45.     Prior to the sale of the subject fire pit, there was a wealth of information available in the public domain about flame mitigation devices, patents for flame mitigation devices from the 1800s, consumer safety articles discussing the need for flame arrestors, the catastrophic burn injuries that result from preventable fire pit flame jetting events, and the relatively inexpensive alternative designs that can prevent injuries such as those suffered by Plaintiff.

46.     Furthermore, upon information and belief, AMZ and/or AMZS were aware of other lawsuits and other consumers who were injured by similar products involving flame jetting.

47.     Defendants were either aware of the information listed above or turned a blind eye toward and ignored this important information about the safety of products they sell.

48.     With this safety information readily available, Defendants recklessly chose to sell the subject fire pit without a fuel container with a flame mitigation device and without adequate warnings, knowing someone like Plaintiff would be catastrophically injured when around someone using the subject fire pit in a foreseeable manner.

49.     As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff suffered severe and catastrophic burns from the burning alcohol.

50.     These injuries required reasonable and necessary medical treatment at considerable expense and will require future medical care.

51.     As a result of these injuries, Plaintiff suffered extensive physical and mental pain and suffering.

52.     Plaintiff continues to suffer emotional distress, physical limitations, disfigurement, and pain from the injuries.

53.    Plaintiff seeks to hold the Defendants accountable for the design,

manufacture, sale, and distribution of a dangerously defective product that resulted

in her catastrophic injuries.

## IV.    CAUSES OF ACTION:

### One: Strict products liability as to Cenmesy

53.    Plaintiff incorporates all prior paragraphs.

54.    Cenmesy is a seller of the subject fire pit as that term is defined in S.C. Code

§ 15-73-10 et seq.

55.    Cenmesy sold the subject product in a defective condition that was

unreasonably dangerous to Plaintiff. Consideration for this sale was Plaintiff's

mother's purchase through Amazon.

56.    At the time Plaintiff was injured, the subject fire pit had not been modified

or altered in any way since it was received from AMZ and/or AMZS and Cenmesy.

57.    The product was defective in design, formulation, and warning in the

following respects:

    a.    The subject fire pit was not sold with a fuel container containing a

flame arrestor, a necessary safety device that would have prevented the

ignition of the liquid fuel and the resulting injuries;

    b.    The fire pit's warnings and instructions encouraged the use of rubbing

alcohol as a fuel source without instructing the consumer to only use fuel

10

sources containing flame arrestors and without warning of the danger of a flashback flame jetting event;

c.     Any other design or warning defects revealed in discovery.

58.     At the time the product was sold, feasible alternative designs existed that would eliminate the unreasonable dangerousness and risk of harm associated with the subject fire pit.

59.     Had Cenmesy incorporated such alternative designs and/or included necessary warnings, Plaintiff would not have been injured.

60.     As a direct and proximate result of these defects, Plaintiff was badly injured.

***Two: Strict liability as to AMZ and/or AMZS***

61.     Plaintiff incorporates all prior paragraphs.

62.     AMZ and/or AMZS facilitated the marketing and sale of the product in the following respects:

a.     Sole point of purchase for the subject fire pit;

b.     Received, accepted, and facilitated the order for the subject fire pit;

c.     Confirmed the transaction and shipment of the subject fire pit to Plaintiff's mother;

d.     The only point of contact for the purchase of the subject fire pit.

63.     AMZ and/or AMZS held themselves out as the face and a critical component of this transaction.

11

64.    AMZ and/or AMZS do not provide contact information or a domestic address for Cenmesy for purchasers like Plaintiff's family to address their product concerns.

65.    AMZ and/or AMZS are the sole contact point for this transaction.

66.    In addition, the purchase of the subject fire pit was subject to AMZ and/or AMZS's "A-to-z Guarantee."

67.    Under the "A-to-z Guarantee," AMZ and/or AMZS accept responsibility for facilitating the resolution of its customer's product defect personal injury claims such as this.

68.    AMZ and/or AMZS are also sellers of the subject fire pit as that term is defined in S.C. Code § 15-73-10 et seq.

69.    With respect to the subject transaction, AMZ and/or AMZS were also the apparent agents of Cenmesy in the following ways:

a. Held themselves out as having the permission of Cenmesy to conduct the sale;

b. Held themselves out as having the permission of Cenmesy to accept payment;

c. Held themselves out as having the permission of Cenmesy to facilitate the shipment; &

d. Plaintiff's family reasonably relied on AMZ and/or AMZS's authority and representations in completing the transaction.

70.     AMZ and/or AMZS sold the subject product in a defective condition that was unreasonably dangerous to end users like Plaintiff.

71.     The defective condition was not apparent or known to Plaintiff's family.

72.     At the time Plaintiff was injured, the subject fire pit had not been modified or altered in any way since its delivery.

73.     The subject fire pit was defective in design, formulation, and warning as set forth above.

74.     At the time the product was manufactured, feasible alternative designs and warnings existed that would eliminate the unreasonable dangerousness and risk of harm.

75.     As a direct and proximate result of these defects, Plaintiff was badly injured.

### Three: Negligence as to Cenmesy

76.     Plaintiff incorporates all prior paragraphs.

77.     Defendant Cenmesy, having undertaken to design, manufacture, distribute, and sell portable fire pits, had a duty to do so in a reasonably safe manner.

78.     Defendant Cenmesy breached this duty and was negligent, reckless, willful, and wanton in the following respects:

a.      Failed to exercise due care when designing, manufacturing, distributing, and selling an unreasonably dangerous fire pit;

b.      Failed to guard against hidden or latent defects;

c.      Provided inadequate warnings and/or instructions as to the hazards involving ignition of fuel vapors and flashback flame jetting;

d.      Failed to include flame mitigation devices despite their economic feasibility;

e.      Knew, or had reason to know, that the product was dangerous for its intended use;

f.      Failed to exercise that degree of care that a reasonably prudent person would have exercised under similar circumstances;

g.      Knowingly chose not to take action despite awareness of serious risk; &

h.      Being otherwise negligent as may be revealed through discovery.

79.     As a direct and proximate result of the negligence, recklessness, willfulness, and wantonness of Defendant Cenmesy, Plaintiff suffered severe and catastrophic burn injuries.

80.     As a direct and proximate result, Plaintiff has suffered severe physical pain, disability, scarring, and disfigurement; mental anguish; permanent emotional scarring; psychological trauma; and loss of enjoyment of life.

### *Four: Negligence as to AMZ and/or AMZS*

81.    Plaintiff incorporates all prior paragraphs.

82.    For the same reasons set forth above, AMZ and/or AMZS are sellers of the subject fire pit.

83.    AMZ and/or AMZS owed a duty to foreseeable persons like Plaintiff to exercise due care in selecting and offering products for sale through their platform.

84.    AMZ and/or AMZS breached this duty and were negligent and grossly negligent in the following respects:

    a. Failing to ensure the subject fire pit included safety devices present on other products they sell;

    b. Failing to properly vet Cenmesy and its products prior to listing them for sale;

    c. Failing to properly vet the warnings and instructions included with the product;

    d. Selling a product without sufficient warnings and without flame mitigation devices; &

    e. Being otherwise negligent and grossly negligent as may be revealed through discovery.

85.    As a direct and proximate result of these actions, Plaintiff was badly injured.

***Five: Breach of Implied Warranty of Merchantability as to All Defendants***

86.     Plaintiff incorporates all prior paragraphs.

87.     Prior to and at the time of sale, Defendants impliedly warranted that the subject fire pit was properly designed and manufactured, was of merchantable quality, reasonably fit for ordinary purposes, and safe for such use.

88.     The subject fire pit was defective, unreasonably dangerous, unfit for its ordinary purposes, and did not conform to Defendants' implied warranties.

89.     As a direct and proximate result of Defendants' breach of implied warranty, Plaintiff suffered severe burn injuries and incurred recoverable damages.

## V.     CAUSATION AND DAMAGES

90.     Plaintiff incorporates all paragraphs above.

91.     Defendants caused Plaintiff significant injury as a result of the negligence and other tortious conduct set forth herein. Plaintiff demands money damages consistent with South Carolina law for the harm inflicted, including:

    a. Past and future medical care expenses;

    b. Past and future lost wages and economic losses;

    c. Past and future emotional distress;

    d. Past and future pain and suffering; &

    e. Such further damages as will be proven at trial.

92.     Furthermore, Defendants' conduct in knowingly selling the fire pit without a flame mitigation device and without sufficient warnings despite knowledge of other victims and the inexpensive ability to prevent such injuries was reckless, willful, wanton, and without due regard for the safety of others. Punitive damages should be assessed accordingly.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. For actual damages according to proof;

B. For compensatory damages as permitted by law;

C. For punitive damages as determined by the trier of fact;

D. For all costs of court;

E. For such other relief as is just and proper.

Signature page below.

Respectfully submitted,

**DERRICK LAW FIRM**

DeShawn Mitchell
1500 Richland St Suite A
Columbia, SC 29201
T: 843.488.5102

~and~

**RICHARDSON THOMAS**

By:     _s/Chris Moore_____
Brady R. Thomas
1513 Hampton Street
Columbia, SC 29201
T: 803.281.8150
brady@richardsonthomas.com

Chris Moore (FBN 10445)
383 W. Cheves Street
Florence, SC 29501
T: 803.300.1517
chris@richardsonthomas.com

August 18, 2025                    Attorneys for plaintiff